IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00182-BNB

JOHN ERIC SANDLES,

    Plaintiff,

v.

WARDEN RIOS, et al.,
WARDEN SCIBANA, FCI - Oxford, Oxford, WI.,
WARDEN MCFADDEN, FMC - Springfield, MO.,
MR. KLAWITTER, FCI - Oxford, Oxford, WI.,
MS. SPENCER, FCI - Oxford, Oxford, WI.,
DR. REED, FCI - Oxford, Oxford, WI.,
MR. FAYTONG, FCI - Oxford, WI.,
MS. DRUIDS, FCI - Oxford, WI.,
MR. FUENTEZ, Nurse, FCI - Oxford, Oxford, WI.,
MR. SALAS, Captain, FCI - Oxford, Oxford, WI.,
MR. JONES, Chaplin, FCI - Oxford, Oxford, WI.,
MR. VAUGHT, Ccorrection [sic] Officer, FCI - Oxford, WI.,
MR. MOORE, Lt., FCI - Oxford, Oxford, WI.,
DR. DIELH, Lt., FCI - Florence, CO.,
MR. TODD, Lt., FCI - Florence, CO.,
MR. BAHRENS, Lt., FCI - Florence, CO.,
MS. VELENQUEZ, Counselor, FCI - Florence, CO.,
MR. LEE, Mailroom, FCI - Florence, CO.,
MR. NELSON, Mailroom, FCI - Florence, CO.,
MR. RICHARDS, Lt., FCI - Springfield, MO.,
UNKNOWN NAME, Captain, FCI - Springfield, MO.,
MR. PEARSON, Doctor, FCI - Springfield, MO.,
UNKNOWN THERAPIST, FCI – Springfield, MO.,
MR. HAZZELWOOD, Doctor, FCI - Springfield, MO.,
MS. RICHARDS, Lt., FCI - Springfield, MO., and
MS. JONES, Correction Officer, FCI - Springfield, MO.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Mr. Sandles submitted to the Court, on January 23, 2006, a *pro se* Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1332. The Court must construe the Complaint liberally, because Mr. Sandles is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See id.*

On February 2, 2006, Plaintiff was instructed to file his Complaint on a current Court-approved from. As opposed to completing the proper form, on March 13, 2006, Mr. Sandles filed a current Court-approved form and simply wrote under each section, "See original complaint." Plaintiff contends that because he was placed in segregation and did not have access to a copy machine he was not able to complete the form but only was able to refer to the original complaint. Mr. Sandles also has continued to submit to the Court either Letters or inappropriate pleadings attempting to amend his Complaint. On March 23, 2006, the Court instructed Plaintiff to refrain from filing Letters with the Court that simply include additional claims.

On May 17, 2006, Plaintiff filed a "Motion to Amend Pursuant to F. R. Civ. P. 15(a)." In the Motion, Mr. Sandles seeks to add ten additional named Defendants to the Complaint. Plaintiff's Motion, however, will be denied. As Plaintiff previously was instructed on March 23, 2006, an amended complaint supersedes an original complaint, and an amended complaint must include all of the information requested on a Court-

2

approved form. The information Plaintiff provides in the May 17, 2006, Motion is insufficient for consideration as an amended complaint. The Court, therefore, will consider only Plaintiff's original Complaint.

Nonetheless, upon review of the original Complaint the Court finds that the claims are deficient. Based on the following, Mr. Sandles will be directed to file one final properly Amended Complaint.

Plaintiff identifies three claims in the original Complaint. In Claim One, he asserts that he was discharged from the Axis II Program at the Federal Medical Center in Springfield, Missouri. As opposed to naming specifically all Defendants who violated his rights in Claim One, Mr. Sandles simply refers the Court to Administrative Remedies Nos. 376882-R1, 376880-R1, and 376879-R1 for a listing of Defendants who are liable for the claims he raises.

In Claim Two, Mr. Sandles asserts that he was diagnosed as needing therapy, but in spite of the diagnosis he was transferred from the Springfield Medical Center, where he would have been able to receive the therapy. Again in Claim Two, Plaintiff refers the Court to copies of administrative remedies for a complete listing of Defendants who are liable for denying him the therapy he needs.

In Claim Three, Mr. Sandles appears to challenge his placement in segregation while he was housed at the Springfield facility. Plaintiff again refers to attached copies of administrative remedies for the Court to review and to determine which named Defendants are responsible for the allegations stated in Claim Three. Plaintiff also has attached to the Complaint a two-page statement regarding jurisdiction and another fifteen-page attachment that is titled, "Preliminary Statement."

Plaintiff's original Complaint fails to meet the requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See* ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Sandles' Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Sandles apparently expects the Court to sift through the Complaint form, the attached copies of administrative remedies, and the seventeen pages attached to the original Complaint and determine what claims are asserted against which Defendants.

Furthermore, personal participation is an essential allegation in a civil rights

action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To the extent that Plaintiff may state viable claims, he must allege, **simply and concisely**, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of **each** Defendant that allegedly violated his rights. Mr. Sandles will be ordered to file an Amended Complaint that states specifically what each Defendant did to violate his rights.

Furthermore, this Court lacks proper venue to review the instant action with respect to Defendants Warden Scibana, Warden McFadden, Mr. Klawitter, Ms. Spencer, Dr. Reed, Mr. Faytong, Ms. Druids, Mr. Fuentez, Mr. Salas, Mr. Jones, Mr. Vaught, Mr. Moore, Mr. Richards, Unknown Name, Mr. Pearson, Unknown Therapist, Mr. Hazzelwood, Ms. Richards, and Ms. Jones. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (a) states that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

> substantial part of property that is the subject of the action is situated or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Further, under paragraph (b) of § 1391, the statute provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Defendants Scibana, McFadden, Klawitter, Spencer, Dr. Reed, Faytong, Druids, Fuentez, Salas, Mr. Jones, Vaught, Moore, Richards, Unknown Name, Pearson, Unknown Therapist, Hazzelwood, Richards, and Ms. Jones reside either in Wisconsin or Missouri and the events giving rise to Plaintiff's claims against them occurred either in Wisconsin or Missouri. Whether the court considered the instant action pursuant to 28 U.S.C. § 1330 or to 28 U.S.C. § 1331, venue is not proper. The Court, therefore, will refrain from considering Plaintiff's request, stated on Page Three of the Complaint form filed March 13, 2006, that this Court exercise "Long-Arm" Jurisdiction over named Defendants who reside in other states.

Plaintiff also is directed to provide specific evidence that he has exhausted his administrative remedies for each claim that he asserts. As opposed to simply submitting copies of administrative remedies to the Court without identifying to which claim each copy pertains, Plaintiff is required to identify how he has exhausted each

asserted claim by describing how he exhausted the remedy or by referring to the attached copies of the administrative remedies that pertain to that claim. Each copy of the administrative remedies is to be clearly identified and is to indicate to which claim the copy pertains. The Court will not sift through all of the copies of Plaintiff's administrative remedies to determine how each one relates to each of Plaintiff's claims.

Plaintiff is reminded, as he was instructed in the Court's March 23, 2006, Order, that an amended complaint supersedes an original complaint. He further is instructed that the only filing that will be accepted by the Court at this time is a properly Amended Complaint on a Court-approved form. If Plaintiff fails to comply with the instant Order the Complaint and action will be subject to dismissal. Accordingly, it is

ORDERED that Plaintiff's "Motion to Amend Pursuant to F. R. Civ. P. 15(a)," filed May 17, 2006, is denied. It is

FURTHER ORDERED that Mr. Sandles file, **within thirty days from the date of this Order**, an original and a copy of an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Sandles, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Sandles submit sufficient copies of the Amended

Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Sandles fails to file, **within thirty days from the date of this Order**, an original and sufficient copies of an Amended Complaint that complies, to the satisfaction of the Court, with this Order the action will be dismissed without further notice.

DATED May 25, 2006, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00182-BNB

John Eric Sandles
Reg. No. 22367-086
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _5-25-06_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk